# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| DWAQUILLE RAHEEM JABAL, | ) | |
| | ) | |
| Movant, | ) | CASE NO. 3:12-0896 |
| | ) | CHIEF JUDGE HAYNES |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Movant, Dwaquille Raheem Jabal, filed this action under 28 U.S.C. § 2255 seeking to set aside his conviction of felon in possession of a firearm to which Movant pled guilty. As an armed career criminal, Movant received the statutory minimum sentence of 15 years. United States v. Jabal, 3:08-00244, Docket Entry No. 76. Movant appealed and challenged his sentence as an armed career criminal. The Sixth Circuit affirmed. Id. at Docket Entry No. 76. Movant now asserts claims for ineffective assistance of his trial counsel who allegedly induced Movant to plead guilty with a promise of a 60 months sentence.

### A. Review of the Record

In his criminal action, Metropolitan Nashville police officers arrested and searched Movant who had a loaded semiautomatic pistol on his person. Movant had several prior felony convictions under his prior name of Robert Simpson. Id. at Docket Entry No. 79 at 4. After an unsuccessful motion to suppress, Movant sought new counsel and the Court appointed Michael Flanagan as his counsel on January 28, 2010. Id. at Docket Entry No. 61. On May 14, 2010, Movant entered a guilty plea without a plea agreement. Id. at Docket Entry No. 67.

At the guilty plea hearing, the Court informed Movant that the range of penalties for his

At the guilty plea hearing, the Court informed Movant that the range of penalties for his offense was "not less that 15 years and not more that life." Id. at Docket Entry No. 90 at 236. Flanagan asserted at sentencing that Movant would contest the applicability of the Armed Career Criminal Act and its enhanced sentence. The Court explained to Movant that if his burglary convictions qualified Movant as an armed career criminal, then his sentence "could go 15 years to life." Id. at 237. The Court also informed Movant that after a review of the pre-sentence report and any proof at the sentencing hearing and despite counsel's estimate, the Court could find that the actual guideline range was "higher than 188 months on the low end and higher than 235 on the high end" and if so, " you are not going to be permitted to withdraw your plea." Id. at 239. Movant stated that he understood the range of sentence. Id. Being so advised, Movant stated that he waived his rights and pled guilty. Id. at 239. The Court also explained that, if Movant were an armed career criminal, his period of supervised release would increase to five (5) years. Id. at 240-41.

As to Movant's satisfaction with his counsel, Michael Flanagan, the Court had the following colloquy with Movant:

Q. "Did [Mr. Flanagan] go over the guideline issues with you?"

A. "Yes, Your Honor."

Q. Did he explain to you the difference between a sentence as an armed felon in possession of a firearm and a sentence as a career–aggravated career offender?

A. Yes, Your Honor.

Q. Knowing that–did he go over those with you?

A. Yes, Your Honor.

Q. So these decisions you made to waive your rights and to plead

2

guilty–you have had the full benefit of your lawyer's advice?

A. Yes, your honor.

Q. Are you waiving your rights and pleading guilty because your lawyer is making you do it?

A. No, Your Honor.

Id. at 143-44. For this action, Flanagan states that "I never suggested or promised Mr. Jabal that he would receive a sentence of sixty (60) months." (Docket Entry No. 11, Flanagan Affidavit).

Prior to the sentencing hearing, Movant's attorney filed a memorandum on the applicability of the Armed Career Criminal Statute and argued against that finding. (Docket Entry No. 73). After a recess to read the principal decision cited by Movant's attorney, the Court overruled his objection. After review of the pre-sentence report and the sentencing hearing, the Court found that the guideline range was 168-210 month because Movant was an armed career criminal. The Court imposed the minimum sentence under the Armed Career Criminal Statute, 180 months. (Docket Entry No. 76, Judgment).

## B. Conclusions of Law

Under 28 U.S.C. § 2255, Movant's claim for relief must show a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339(1994). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. Here, as the judge who conducted the guilty plea and sentencing hearing, the Court can rely on his recollections of those proceedings. See Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996). Given the record of Movant's criminal action, including the Sixth

Circuit's decision affirming the applicability of the Armed Career Criminal Act, the Court deems an evidentiary hearing unnecessary.

To prevail on his ineffective assistance of counsel claim, Movant must show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 466 U.S. at 686. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . .If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005) (citing Strickland, 466 U.S. at 697).

To establish ineffective assistance of counsel, Petitioner must demonstrate that under the totality of the circumstances, his trial counsel performed deficiently and that counsel's performance resulted in prejudice. Strickland, 466 U.S. at 687. As the Supreme Court has explained:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id.

In any event, Strickland directs that "[j]udicial scrutiny of counsel's performance must be

4

"highly deferential" and "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 689, 691. As the Supreme Court noted, "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information." Id. at 691. Counsel's failure "to conduct constitutionally adequate pretrial investigation into potential evidence" can "hamper[] [their] ability to make strategic choices." Harries v. Bell, 417 F.3d 631, 639 (6th Cir. 2005). A court must examine not only to the individual errors of counsel, but must also view the effect of the errors cumulatively. See Draper v. Adams, 215 F.3d 1325, 2000WL712376 *3 (6th Cir. May 23, 2000).

To establish prejudice due to his counsel's errors or omissions, Petitioner must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Williams v. Taylor, 529 U.S. 362, 391. In a word, "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." Strickland, 466 U.S. at 694.

Here, the transcripts of the guilty plea and sentencing hearings reveal that Movant knew that he faced the sentence of 180 months. At the guilty plea hearing, Flanagan stated his intention to challenge the application of the Armed Career Criminal Act. Flanagan challenged the application of the Armed Career Criminal Act by memorandum and oral argument. Movant was aware that, if Flanagan were unsuccessful, the 15 year minimum mandatory sentence would apply. Movant had

four (4) prior burglary convictions to qualify as an armed career criminal and the Sixth Circuit affirmed that ruling. In these circumstance, the Court concludes that Movant cannot demonstrate ineffectiveness of his counsel nor any prejudice. Movant's plea was knowingly and voluntarily entered.

For these reasons, this action should be dismissed.

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DWAQUILLE RAHEEM JABAL, | ) | |
| | ) | |
| Movant, | ) | CASE NO. 3:12-0896 |
| | ) | CHIEF JUDGE HAYNES |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

In accordance with the Memorandum filed herewith, the Movant's motion to vacate under 28 U.S.C. § 2255 is **DENIED** and this action is **DISMISSED with prejudice.** Petitioner is given ten (10) days from the date of entry of this Order to file a petition for a Certificate of Appealability under 28 U.S.C. § 2253(c).

It is so **ORDERED**.

**ENTERED** this the 24th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court