IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DWAQUILLE RAHEEM JABAL, )
)
    Petitioner. )
)
v. ) Case No. 3:12-0896
) Chief Judge Haynes
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER

Before the Court is Petitioner's Motion for Rule 62.1 Indication Ruling on a Motion for Relief that is Barred by a Pending Appeal. (Docket Entry No. 34). Plaintiff contends, in sum, that the Court raised Petitioner's maximum sentence by considering facts not presented to the jury in violation of the recent ruling in Alleyne v. United States, 133 S. Ct. 2151 (2013), and that the prosecution in Petitioner's criminal action incorrectly used the modified categorical approach when the Petitioner was convicted of a single, indivisible set of elements. Descamps v. United States, 133 S. Ct. 2276 (2013). (Docket Entry No. 34 at 2).

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) "is extraordinary and is seldom granted because it contradicts notions of finality and repose." Waiters v. City of Cleveland, 2009 WL 3063384, at *1. For relief, there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999))."Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting

FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Parties should not use Rule 59(e) motions to advance arguments which could evidence or should have been pursued before judgment. Id.

Although Plaintiff asserts a change in controlling law, the holding in Alleyne that any fact that increases a mandatory minimum sentence for crime is an "element of the crime" and not a "sentencing factor" that must be submitted to the jury is inapplicable to Petitioner's case because Petitioner was not sentenced by a jury, but rather entered a plea of guilty. (Case No. 3:08-00244, Docket Entry No. 67). Alleyne at 2155. Likewise, the holding in Descamps that the court may not apply the modified categorical approach to sentencing under ACCA when the crime of which defendant was convicted has a single, indivisible set of elements is also inapplicable because Petitioner's Armed Career Criminal Act ("ACCA") enhancement was based upon prior offenses whose elements were the same as the generic offense of burglary in Tennessee. Descamps at 2281.

For these reasons, the Court does not discern any factual or legal basis to set aside the Order of dismissal. (Docket Entry No. 22). Accordingly, Petitioner's motion for Rule 62.1 Indication Ruling on a Motion for Relief that is Barred by a Pending Appeal. (Docket Entry No. 34) is **DENIED**.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 18th day of July, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court